OPINION
This is an appeal from the judgment of the Putnam County Court of Common Pleas which sentenced Defendant-Appellant, Russell Cook (Cook), to a mandatory term of imprisonment for Possession of Cocaine and Possession of Crack Cocaine.
On November 19 1999, Cook was indicted for Possession of Cocaine, in violation of R.C. 2925.11 (A), (C)(4)(d), a felony of the second degree, Possession of Crack Cocaine, in violation of R.C. 2925.11(A), (C)(4)(a), a felony of the fifth degree, Illegal Manufacturing, in violation of R.C. 2925.04(A), (C)(2), a felony of the second degree, and Preparation of Drugs for Sale, in violation of R.C. 2925.07(A), (C)(4)(c), a felony of the third degree. Cook plead not guilty to the charges, but later plead guilty to Possession of Cocaine and Possession of Crack Cocaine in exchange for the State dropping the remaining two charges.
On March 16, 2000 a sentencing hearing was held wherein Cook's attorney requested that the court "grant a number of years, no more than five, so that he would at least be eligible for judicial release after six months in jail." The trial court sentenced Cook to six years in prison for Possession of Cocaine and 12 months in prison for Possession of Crack Cocaine to run concurrently. At the hearing, the trial court did not address whether or not Cook would be eligible for judicial release. However, the judgment entry of sentence stated,
 "It is therefore ordered that the defendant serve a term of 6 years at the Ohio Department of Correction and Rehabilitation on Count I, and a term of 12 months at the Ohio Department of Correction and Rehabilitation on Count I, of which none has been ordered as a mandatory term pursuant to Ohio Revised Code Section 2929.13(F), 2929.14(d)(3) or chapter 2925." [emphasis added]
On August 20, 2001, Cook retained new counsel. On that date, Cook alleges that he was first informed that he was not eligible for judicial release and also was not able to appeal his motion to suppress. On August 24, 2001, Cook filed a motion to withdraw his guilty plea. On November 21, 2001, a hearing was held and on November 29, 2001, the trial court overruled his motion.
Cook appeals this judgment asserting a single assignment of error:
 "The trial court committed error as a matter of law in overruling a motion to withdraw a guilty plea when the uncontroverted evidence shows appellant did not knowingly and voluntarily enter his guilty plea and he had been avoidably prevented from discovering the facts upon which is claim is based."
A motion to withdraw a guilty plea or to set aside judgment is governed by the mandates of Crim.R. 32.1, which states:
"A motion to withdraw a plea of guilty or no contest may be made onlybefore sentence is imposed or imposition of sentence is suspended; but tocorrect a manifest injustice the court after sentence may set aside thejudgment of conviction and permit the defendant to withdraw his plea."
Accordingly, a defendant who seeks to withdraw a guilty plea after sentence has been imposed must demonstrate a manifest injustice. Statev. Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus. Additionally, the issues of "good faith, credibility and weight" of the defendant's assertions in support of his motion are matters within the sound discretion of the trial court and will not be reversed absent an abuse of that discretion. Id.; State v. Kattleman (Nov. 28, 2000), Auglaize App. No. 2-2000-25. Crim.R. 32.1 motions are not subject to a time limitation. See State v. Cale (March 23, 2001), Lake App. No. 2000-L-034; State v. Talley (Jan. 30, 1998), Montgomery App. No. 16479. However, an "undue delay" between the alleged reason for the withdrawal of the plea and the filing of the motion is a factor adversely affecting the credibility of the defendant and may warrant denial of the motion.Kattleman, supra.
Moreover, it has been held that "a post-sentence motion to withdraw a plea of guilty or no contest is ordinarily subject to denial without a hearing when the record indicates that the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice." State v. Shaffer (Nov. 5, 1999), Marion App. No. 9-99-41.
In this case, at the plea hearing, Cook's attorney represented on the record that Cook was eligible for judicial release in six months. Additionally, the trial court noted in its judgment entry that Cook's prison terms were not mandatory. However, Cook was sentenced under R.C.2929.13(F)(5) which requires that Cook be sentenced to a mandatory prison term without possibility of judicial release. The occurrence of a "manifest injustice" is generally found in the exceptional case and not in a case in which the only evidence of any injustice is the petitioner's self-serving testimony. However, in this case, Cook's assertions that he was not intelligently informed of the meaning of his plea are supported by statements of his counsel at the sentencing hearing and by the judgment entry of the trial court. In sum, when reviewing the record, it appears that there was a specific misunderstanding and mistake of law by court and counsel as to whether Cook was eligible for judicial release. We believe a fundamental error of this nature, which is corroborated by the record, is sufficient to void the plea and is therefore sufficient to constitute a manifest injustice under Crim.R. 32.1. Under the circumstances, we believe it was error for the trial court to deny the motion to withdraw the plea.[1] Consequently, Cook's assignment of error is sustained and the judgment of the trial court is reversed and remanded to be decided in accordance with this opinion.
Judgment reversed and cause remanded.
BRYANT and WALTERS, JJ., concur.
[1] While the State argues that the written plea agreement furthernotified Cook that he was not eligible for judicial release, we find thatthe plea agreement is also confusing. Under the heading "Prison Term isMandatory/Consecutive" there is a "yes" however it is not noted whetherthe prison terms were to be consecutive, mandatory or both.